Original form provided free of Charge by CO DOC Legal Services to:
Offender Cook
DOC# 129911
Date JAN 11 2022

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:09 pm, Mar 08, 2022
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

STEVEN MATTHEW COOK_____, Applicant,

v.

DEAN WILLIAMS, Exec. Dir., C.D.O.C._____, Respondent,
(Name of warden, superintendent, jailer, or other custodian)

and

The Attorney General of the State of: Phil Weiser_____, Additional Respondent.

(Note: If you are attacking a judgment that imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you are attacking the execution of your sentence and not the validity of a state conviction or sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. If you are attacking the validity of a judgment entered in a federal court, you must file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

---

**APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Original form provided free of Change by CO DOC Legal Services to Offender Cook DOC# 129911 Date JAN 1 1 2022

### A. APPLICANT INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Steven Matthew Cook (C.D.O.C. No. 129911)
(Applicant's name, prisoner identification number, and complete mailing address)

Fremont Correctional Facility-Box 999  Canon City, CO 81215

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

### B. RESPONDENT(S) INFORMATION

Phil Weiser, Attorney General of the State of Colorado
(Respondent's name and complete mailing address)

Ralph L. Carr Judicial Center  1300 Broadway, 10th Floor
Denver, CO 80203

### C. CONVICTION UNDER ATTACK

| | |
|---|---|
| Name of the court that entered the judgment of conviction: | Eighteenth Judicial District Arapahoe County, Colorado |
| Date the conviction was entered: | Jury Verdict: 5/05/2010  Sentencing: 8/13/2010 |
| Case number: | 2004 CR 003080 |
| Length and type of sentence: | 94-year-to-life prison sentence |
| Are you serving any other sentence? | ___ Yes  _X_ No (*check one*) |

2

Original form provided free of Charge by CO DOC Legal Services w/
Offender Cook   DOC# 129911
Date JAN 11 2022

| | |
|---|---|
| Offense(s) you were convicted of committing: | Twenty-nine counts: sexual exploitation; sexual assault on a child, et al. |
| What was your plea? | Not Guilty-Actual innocence |
| Kind of trial: | _X_ Jury ___ Judge only (check one) |

### D. DIRECT APPEAL

| | |
|---|---|
| Did you file a direct appeal? | _X_ Yes ___ No (check one) |
| Name of the court in which the direct appeal was filed: | Colorado Court of Appeals (CCA) |
| Date and result of direct appeal: | 3/27/2014: Judgment Affirmed |
| Did you seek review in the state's highest court on direct appeal? | _X_ Yes ___ No (check one) |
| Date and result of review in the state's highest court: | 4/12/2021: Certiorari denied |
| If you did not file a direct appeal, explain why: | N/A |

### E. POSTCONVICTION PROCEEDINGS

Have you initiated any other postconviction proceedings in any state court with respect to the judgment under attack? _X_ Yes ___ No (check one).

*If your answer is "Yes," complete this section of the form. If you have initiated more than one postconviction proceeding, use additional paper to provide the requested information for each prior proceeding. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. POSTCONVICTION PROCEEDINGS."*

| | |
|---|---|
| Name and location of court: | Arapahoe County, District Court |
| Type of proceeding: | Collateral Attack on conviction |

3

Original form provided free of Charge by CO DOC Legal Services
Offender Cook
DOC# 129911
Date JAN 1 1 2022

| | |
|---|---|
| Date filed: | 4/29/2015 |
| Date and result: | 6/20/2017: Denied |
| Did you appeal? | X  Yes ___ No (*check one*) |
| Date and result on appeal: | 11/19/2020: Order Affirmed |
| Did you seek review in the state's highest court? | X  Yes ___ No (*check one*) |
| Date and result: | 4/12/2021: Certiorai denied |

**F.   STATEMENT OF CLAIMS**

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "F. STATEMENT OF CLAIMS."*

See **ATTACHMENT**

*WARNING: If you fail to assert all of your claims in this application, you may be barred from presenting additional claims at a later date.*

CLAIM ONE: **RIGHT AGAINST VINDICTIVE PROSECUTION ON RETRIAL FOLLOWING SUCCESSFUL APPEAL IMPERMISSIBLY INFRINGED**

Supporting facts:

Following Cook's successful appeal there exists an unrebuttable presumption of prosecutorial vindictiveness, subsequent to retrial on remand, when new additional charges were filed based upon information clearly available at the time of the first trial, thus in violation of the Due Process Clause of the Fourteenth Amendment, and contrary to Blackledge v. Perry, 417 U.S. 21 (1974).

4

F.        STATEMENT OF CLAIMS   (CONT.)

Legal support:

Cook now contends that the CCA's determination that there was no prosecutorial vindictiveness by having filed a superceding complaint containing new additional charges was unreasonable, based principally upon the following counterfactuals:

1) Bad faith or animus existed on the part of the prosecution, where each of the fourteen additional counts relied upon "subjective" and not "objective" evidence, based on new disclosures and pornographic images.

2) The supposedly new techniques used to retrieve data images were simply available at the time of the first prosecution, and it was in hindsight that these techniques be used.

Cook argues that there is prosecutorial vindictiveness where these counts could have been filed at the out-set, and it was only in hindsight that the prosecutorial investigative measures be taken to better reveal certain aspects of their case, based entirely on evidence available at the time of the initial adjudication.

On direct-appeal, the CCA's application of Blackledge v. Perry, was unreasonable and in direct contravention of its dictate that any new evidence must be "objective" and not "subjective" which is the case here. Further, the CCA's fact-determination was clearly unreasonable on account of the supposed new techniques employed to discover images not disclosed in the first trial, and S.G.'s later interview; simply on the part of conjecture and surmise.

4.1

Moreover, the supposedly new images later recovered were not date stamped and were only, depictions of S.G. as the CCA had determined, albeit erroneously. Cook's opportunity to show that this apparently new technology was in fact not new, but simply a variation of a technique available at the time of the first trial, was stymied by the lax evidentiary standards relied upon at both the hearing and trial. This nuanced approach presented by legerdemain, can support the proposition that prosecutorial vindictiveness exists, and that these greater counts are in retaliation for bringing an appeal in the first place. Hence the constitutional violation.

CLAIM TWO: <u>RIGHT TO PRESENT FAVORABLE EVIDENCE IN SUPPORT OF A DEFENSE IMPERMISSIBLY INFRINGED</u>

Supporting facts:

Prior to and amid trial, Cook sought to elicit material and relevant evidence in the form of testimony from S.G., concerning an alternate suspect, for which there exists credible evidence tending to support this theory.

First, there was the presence of DNA taken along with samples identifying Cook, though the former was unknown and not tested against an alternate suspect; Ryan Roan, the older brother of S.G., whose access and computer savvy made him a possible suspect. Second, this putative alternate suspect, R.R., was in fact investigated as a suspect in numerous sex crimes, culminating in the F.B.I. detective Hansen demanding that R.R. be charged. This was denied by the prosecution, despite corroborative testimony from Cook's daughter, C.C., that R.R. was the actual perpetrator, and not Cook. Thus, it was due largely to the prosecution's zeal amounting to outrageous governmental conduct that hindered Cook's attempt to put-forth evidence of an alternate suspect. The trial court and the CCA on direct-appeal effectively countenanced this clear abuse of power.

4.2

Legal support:

The State's action by having deprived Cook of his right to present a defense and evidence in support thereof; namely the actual existence of an alternate suspect, must be premised upon an error of a federal constitutional dimension, in direct contravention of the Sixth and Fourteenth Amendments to the United States Constitution.

This entitles Cook to the Right of Due Process and the Compulsory Process to present witnesses in Cook's own defense. Washington v. Texas, 388 U.S. 14 (1967). This is in recognition that any right thereof is limited, so as to "assure both fairness and relieability in the acertainment of guilt and innocence," Chambers v. Mississippi, 410 U.S. 284, 302 (1973), and that the "State may not arbitrarily deny [Cook] the ability to present testimony that is ' relevant and material, and... vital to the defense.'" Richmond v. Embry, 122 F.3d 866, 872 (10th Cir. 1997) (quoting United States v. Valenzuela-Bernal, 485 U.S. 858, 867 (1982)).

In Richmond, the Tenth Circuit held that a two-pronged criterion must first be satisfied in order for Cook to show he was deprived of a constitutional right to present relevant evidence. Id.

 (1) The importance of the evidence to Cook's defense outweighed the interests of the State excluding the evidence

Under this first criterion, Cook made multiple attempts at proffering evidence in the form of either DNA samples which excluded Cook that were obtained at the scene (a chair), or the fact that C.C. recanted her testimony, naming Ryan Roan as the perpetrator, not Cook. The Detective Hansen sought to have Roan charged but the prosecution declined.

4.3

With equal force, images of S.G. and the Chair showed a clothed person distinguishable from Cook, that may have explained Roan as the person present and not Cook.

What is troubling is that the computer containing the images of S.G. was from Roan, whom had computer expertise which might explain the fact that the bio's were corrupted, and the dates being wrong, thus arguing that the images could have been down loaded at anytime, enabling the defense to contend that the images could have been created while Roan was still in possession of this computer.

The fact that Roan was never charged, nor was it at ALL PERMITTED, to inject Roan as the likely alternate suspect clearly outweighs any interests the State may have by keeping Roan out of Cook's trial. Hence the constitutional violation of Cook's right to present a defense.

> (2) The right of Fundamental Fairness infringed where Cook was disallowed any opportunity to contend an alternate suspect defense depriving Cook of a fair trial.

Under this second criterion, "It is the materiality of the excluded evidence to the presentation of the defense that determines whether a petitioner has been deprived of a fundamentally fair trial." Richmond, supra, 122 F.3d at 872 (quoting Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995)).

The materiality of the DNA evidence excluding Cook, and is likely Roan's cannot be ignored. The fact that C.C.'s testimony when first interviewed exculpated Cook while inculpating Roan. As C.C.'s testimony evolved there was circumstantial proof that she was likely coerced by the ex-wife whom showed up at the detective Dombek's home to reveal new revelations of C.C.'s change in accusations naming Cook, and not Roan.

4.4

The fact determination made below cannot be reliable in clear view of the aforementioned averment. Cook argues that the CCA's determination was unreasonable, and that Cook rebuts their so-called perception upholding the exclusion of Cook's alternate suspect theory and evidence.

The CCA faulted Cook for not showing that Roan was linked to the crimes charged concerning S.G., and the description of Roan was not similar; pointing out that Cook was specifically identified, not Roan.

The above apparent elucidation made by the CCA in its Opinion misses the mark, considerably. Especial to an assertion that Roan was once in possession of the computer containing the sexually exploitative content, which omitted a time-date stamp, at least plausibly can support a potential alternate suspect. Roan was in fact later accused of certain sex offenses Cook was initially accused of.

At the very least, Cook should have been permitted to use reverse similar transaction evidence linking Roan to several of these offenses. Cook can demonstrate that there are sufficient similarities between Roan's DNA being likely the match to the unknown samples obtained from the chair pictured in the images. Perofrce is the computer the images were retrieved from was once his. Cook could effectively prove Roan committed the acts, and a detective's own perceptions would directly connect Roan to those offenses Cook was accused of, had there been a complete investigation.

Therefore, Cook asks that this habeas Court reject the fact-determination made by the CCA, as unreliable and woefully in disregard to the truth.

4.5

Original form provided free of Change by CO DOC Legal Services to
Offender Cook
DOC# 129911
Date JAN 1 1 2022

### G. EXHAUSTION OF STATE REMEDIES

*WARNING: You must exhaust available state remedies before filing a habeas corpus action in federal court pursuant to 28 U.S.C. § 2254. Your case may be dismissed if you have not exhausted available state remedies.*

Did you fairly present each claim asserted in this action to the state's highest court?    X  Yes  ___ No (*check one*)

If you answered "No," please identify which claim(s) have not been fairly presented to the state's highest court and explain why:

N/A

### H. PRIOR FEDERAL ACTIONS

Have you filed any prior actions in any federal court challenging the same conviction or sentence under attack in this action?  ___ Yes  X  No (*check one*).

If the instant action is a second or successive application, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the application?  ___ Yes  X  No (*check one*).

*Complete this section of the form if you have filed a prior federal action challenging the same conviction or sentence under attack in this action. If you have initiated more than one prior action, use additional paper to provide the requested information for each prior action. Please indicate that additional paper is attached and label the additional pages regarding prior actions as "H. PRIOR FEDERAL ACTIONS."*

Name and location of court:    N/A

Case number:

Type of proceeding:

Claim(s) raised:

Date and result: (attach a copy if available)

Result on appeal, if appealed:

Original form provided free of Change by CO DOC Legal Services to:
Offender Cook
DOC# 129911
Date JAN 11 2022

### I. TIMELINESS OF APPLICATION

*If the judgment of conviction or the sentence under attack became final more than one year prior to the commencement of this action, explain why the application is not barred by the one-year limitation period in 28 U.S.C. § 2244(d). If additional space is needed, use extra paper to explain your answer. Please indicate that additional paper is attached and label the additional pages regarding timeliness as "I. TIMELINESS OF APPLICATION."*

```
The Foregoing Application is timely, for the deadline is
April 8, 2022.
```

### J. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "J. REQUEST FOR RELIEF."*

See **ATTACHMENT**

### K. APPLICANT'S SIGNATURE

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

*Steven M. Cook*
(Applicant's signature)

Steven Matthew Cook
MARCH 08, 2022
(Date)

(Form Revised December 2017)

J.        REQUEST FOR RELIEF   (CONT.)


   Cook prays that a writ of habeas corpus issue vacating the entirety of the 54 year-to-life sentence imposed following the successful appeal, of which runs afoul of the Due Process Clause.

   Cook prays that a conditional writ issue vacating the judgment of conviction, of which runs afoul of Fundamental Fairness and the Meaningful Opportunity to Present a Defense.

   Due to Cook's inability to access the Record or obtain the requisite evidentiary fact-development, he asks that this Habeas Court permit him to assert facts before a hearing to establish allegations he complains of.

   May this Honorable Habeas Court provide as an alternative any relief deemed appropriate. So help him GOD.

6.1